IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**WORKSHOPS PORTLAND CARSON, L.L.C.**,

    Plaintiff/Counter Defendant,

v.

**CARSON OIL CO., INC.**,

    Defendant/Counter Claimant.

No. 3:15-cv-01234-AC

OPINION AND ORDER

**MOSMAN, J.**,

On March 27, 2017, Magistrate Judge John V. Acosta issued his Findings and Recommendation ("F&R") [52], recommending that Plaintiff/Counter Defendant Workshops Portland Carson's ("Workshops") Motion for Partial Summary Judgment [30] on Carson Oil Co.'s ("Carson") counterclaim for breach of implied covenant of good faith and fair dealing should be DENIED, and that Workshops's Motion for Partial Summary Judgment [35] on Carson's counterclaim for promissory estoppel should be GRANTED. Workshops filed objections [54] to Judge Acosta's F&R as it relates to his findings on the counterclaim for breach of implied covenant of good faith and fair dealing only. Carson filed a response [56] to those objections.

**LEGAL STANDARD**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendations as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny with which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

**ANALYSIS**

Workshops objects to Judge Acosta's recommendation that I DENY summary judgment on Carson's counterclaim of breach of implied covenant of good faith and fair dealing. Neither party objects to Judge Acosta's recommendation that I GRANT summary judgment on Carson's counterclaim for promissory estoppel. Upon careful review, I agree with Judge Acosta's recommendations and ADOPT the F&R [52] as my own opinion. I write separately, however, to address Workshops's objections to the F&R.

In his F&R, Judge Acosta determined there was a question of fact as to whether Workshops breached the implied covenant of good faith and fair dealing inherent in its 2013 lease with Carson. Specifically, Judge Acosta found that an option to extend the lease for a five-year term ("the Option") was included in the 2013 lease under Oregon law. Accordingly, the implied covenant of good faith and fair dealing attached to Workshops's duty to propose a rental

2 – OPINION AND ORDER

structure under the Option. Based on the facts available in the record, Judge Acosta determined there was a question of fact as to whether Workshops breached the duty of good faith and fair dealing, and thus, it was not entitled to summary judgment on that claim.

Workshops's objections are grounded in its contention that Judge Acosta incorrectly found the Option to be part of the lease. Because the Option was not part of the lease, Workshops argues, it had no implied duty of good faith and fair dealing in setting a new rental structure. Carson argues that Workshops's assertion that the Option was not part of the lease is a novel argument, which Workshops first asserted in its reply to Carson's response to the Motion for Partial Summary Judgment. In fact, Carson argues that Workshops's argument cannot stand because it is contradicted by its own allegations and judicially admitted facts. But, even if Workshops's argument that the Option was not actually part of the lease holds, Carson argues Workshops's own arguments show it operated in bad faith during the negotiations for the 2013 lease because it knew Carson thought the Option was part of the lease agreement and that Carson expected to exercise the Option. As such, summary judgment on the good faith and fair dealing claim is improper.

In its objections, Workshops argues that the Option, which was attached to the lease as "Exhibit C," is unenforceable for two reasons. First, it was not specifically included in the lease by reference, and thus, it was not actually part of the lease. Second, even if it is included in the lease, it is unenforceable under *Karamanos v. Hamm*, 513 P.2d 761 (Or. 1973) (en banc), because it did not include a provision for determining the rental rate that is certain and definite. These objections are restatements of the arguments that Workshops made in its reply to its Motion for Partial Summary Judgment [35].

3 – OPINION AND ORDER

## I. Whether the Option was Included in the Lease

Judge Acosta found that even if the Option was not specifically referenced in the lease, it was still part of the lease because the connection between Exhibit C and the lease was "unmistakable." *See McInnis v. Lind*, 108 P.3d 578, 585 (Or. App. 2005). Specifically, he found that the documents were made by the same parties, executed at or about the same time, and part of the same transaction. *See id.* Having reviewed the record, I agree with Judge Acosta that the Option was part of the Lease for two reasons.

First, taken in the light most favorable to Carson, the non-moving party, the facts show that the Option was presented and incorporated as part of the lease negotiations. It appears that Carson asked for two five-year option periods, but Workshops agreed to include only a single five-year Option period. To solidify that agreement, Exhibit C was attached to the lease and referenced in the "Section 3 Term" section of the lease. Second, Workshops's own statement of facts in its Motion for Partial Summary Judgment supports a finding that the five-year Option under Exhibit C was included as part of the lease.[1] Thus, upon filing the motion, Workshops appeared to agree the Option was included in the lease. Workshops's new theory that the Option was not actually part of the lease was only raised in its reply and further argued in its objections to Judge Acosta's F&R. Moreover, the copy of the lease that Workshops included with the Complaint included Exhibit C, again, suggesting Workshops agreed the Option was part of the lease. Because "[f]actual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them," *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988), Workshops is bound by its admissions

---

[1] *See* Mot. [35] at 2 ("Suffice to say, Carson and Workshops negotiated a one-year lease with an option provision granting Carson an additional five year term, but only if the parties agreed to a rental rate for five year option period . . .") (emphasis removed); *see also id.* at 3 (explaining that "Workshops timely proposed a rental structure" after "Carson invoked the option," and that "the option 'expire[d]' and became 'null and void'" after "the parties were 'unable to agree upon the rental structure'").

in the Complaint and Motion for Partial Summary Judgment that Exhibit C, which included the Option, was part of the lease.

## II. Whether the Lease Included an Implied Covenant of Good Faith and Fair Dealing When Determining the New Rental Structure

In any event, Workshops argues that the Option is unenforceable under *Karamanos*, because it did not include a provision for determining a rate that was certain and definite. Because the Option was unenforceable, the argument goes, Workshops as a matter of law was not bound by a covenant of good faith and fair dealing in setting a rental rate for the Option period.

As an initial matter, I agree with Workshops that the question of whether the Option is enforceable is separate from the question of whether the Option was included in the lease. That said, I do not find that the Option in this case is unenforceable under *Karamanos*. There, the parties agreed to a two-year lease extension period where the expected monthly rent would be "negotiable." *Karamanos*, 513 P.2d at 762. Because there was "no method providing for fixing the amount of rental," the court held that "the agreement to extend the lease [was] fatally defective and unenforceable." *Id.* at 763.

Unlike in *Karamanos*, here the Option included a method for fixing the amount of rent. Specifically, it states that after the "Landlord receives Tenant's written notice of intent [to execute the Option], Landlord shall provide Tenant with the rental structure for the Option Period." Then, if the tenant did not agree to the rental structure, the option would expire. Based on the language of the Option, then, the Landlord was given the discretion to set the monthly rental rate, subject to agreement by the tenant. Thus, even though the Option didn't specify the exact rental amount, it did specify a particular method for determining that amount.

5 – OPINION AND ORDER

I agree with Judge Acosta that there is a question of fact as to whether Workshops acted in good faith when exercising its discretion to set the rental rate under the Option. In Oregon "the duty of good faith and fair dealing may still apply" when a "contract provides for discretion, but does not provide for a method of exercising that discretion." *Arnett v. Bank of Am., N.A.*, 874 F. Supp. 2d 1021, 1034 (D. Or. 2012). "When a party has the contractual right to specify a price term, the term specified may be so high or low that the party will be deemed to have acted in bad faith regardless of the reasonable expectations of the other party," although "[i]n general, . . . whether a specified price violates the obligation of good faith should be decided by the reasonable contractual expectations of the parties." *Best v. U.S. Nat. Bank of Or.*, 739 P.2d 554, 556 - 559 (Or. 1987) (holding that the good-faith doctrine limited a party's contractual discretion in setting fees, even when the contract itself contained no method for setting the fees).

Here, even though Workshops had the discretion to set the rental structure, Workshops was required under Oregon law to act in good faith based on the reasonable expectations of the parties in determining the rental structure. There is a question of fact as to whether Workshops's actions constituted good faith. As such, I agree with Judge Acosta that Workshops is not entitled to summary judgment on Carson's counter claim for breach of the covenant of good faith and fair dealing.

## CONCLUSION

For the foregoing reasons, I agree with Judge Acosta's recommendations and ADOPT his F&R [52] as my own opinion with the additional analysis included herein. As such, Workshops's Motion for Partial Summary Judgment [30] on Carson's counterclaim for breach of the covenant of good faith and fair dealing is DENIED, and its Motion for Partial Summary

Judgment [35] on Carson's counterclaim for promissory estoppel is GRANTED. Carson's counterclaim for promissory estoppel is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this __30th__ day of June, 2017.

                                              /s/ Michael W. Mosman_____
                                              MICHAEL W. MOSMAN
                                              Chief United States District Judge